1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                              OAKLAND DIVISION
11
12   ROBERT BOXER, on Behalf of Himself and        Case No: C 12-5722 SBA
     All Others Similarly Situated,
                                                   **ORDER REMANDING ACTION**
13                    Plaintiff,
14          vs.
15   ACCURAY INCORPORATED, et al.,
16                    Defendants.
17
18          The parties are presently before the Court on Plaintiff's Motion to Remand Pursuant
19   to 28 U.S.C. § 1447(c). Dkt. 7. Having read and considered the papers filed in connection
20   with this matter and being fully informed, the Court hereby GRANTS the motion to
21   remand, but DENIES Plaintiff's request for an award of fees and costs. The Court, in its
22   discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ.
23   P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).
24   **I.      BACKGROUND**
25          On November 1, 2012, Plaintiff Robert Boxer filed a class action complaint in Santa
26   Clara County Superior Court against Accuray Incorporated ("Accuray") and eight of its
27   Board members ("Individual Defendants"). The first claim is for breach of fiduciary duty
28   under Delaware law as to the Individual Defendants, while the second claim is against

Accuray for aiding and abetting the aforementioned alleged breach.  Plaintiff seeks to enjoin a vote on two shareholder proposals (referred to as "Proposal Two" and "Proposal Three") which are to be considered at the shareholder meeting scheduled for November 30, 2012, in Palo Alto, California.  Proposal Two relates to executive compensation, while Proposal Three seeks to increase the amount of Accuray's total authorized shares of stock. Notice of Removal, Ex. A ("Compl.") ¶¶ 3-4, Dkt. 1.  Plaintiffs alleges that neither proposal was adequately described in Accuray's Proxy Statement ("Proxy") filed with the Securities and Exchange Commission on October 19, 2012.  Id. ¶ 2.

On November 7, 2012, Defendants removed the action to this Court under 28 U.S.C. § 1441 on the grounds that the instant action "arises under" federal law.  Notice of Removal ¶ 3.  In particular, Defendants contend that the challenges to the adequacy of the disclosures in the Proxy regarding executive compensation are premised on the requirements of the Dodd-Frank Wall Street Reform and Consumer Exchange Act of 2010 ("Dodd-Frank Act"), which amended the Securities Exchange Act of 1934.  Id. ¶ 4.  Plaintiff counters that removal jurisdiction is lacking, and has filed a motion to remand in which he seeks to remand the action to state court, along with an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  The Court set an expedited briefing schedule and the matter is now fully briefed.[1]

## II.   **LEGAL STANDARD**

"A motion to remand is the proper procedure for challenging removal."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure.  28 U.S.C. § 1447(c).  "If a district court lacks subject matter jurisdiction over a

---

[1] On November 26, 2012, Plaintiff filed a motion for temporary restraining order to enjoin the shareholder vote on Proposal Two and Proposal Three at the shareholder meeting scheduled for November 30, 2012.  Dkt. 17.  Plaintiff also filed a separate motion for expedited discovery.  Dkt. 18.  Because these motions address the merits of the instant action, the Court must determine, as a threshold matter, whether it has subject matter jurisdiction.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 965 (9th Cir. 2004).  As will be set forth below, the Court finds that jurisdiction is lacking and that remand is appropriate.  Therefore, these particular motions are denied as moot.

1  removed action, it has the duty to remand it, for removal is permissible only where original

2  jurisdiction exists at the time of removal or at the time of the entry of final judgment[.]"

3  Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, 159 F.3d 1209, 1211 (9th Cir.

4  1998) (internal quotations omitted).  "[R]emoval statutes are strictly construed against

5  removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th

6  Cir. 2008).  "The presumption against removal means that the defendant always has the

7  burden of establishing that removal is proper."  Moore-Thomas, 553 F.3d at 1244.  As such,

8  any doubts regarding the propriety of the removal favors remanding the case.  See Gaus v.

9  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

10  **III.   DISCUSSION**

11      **A.   REMOVAL JURISDICTION**

12        Under 28 U.S.C. § 1441(a), district courts have removal jurisdiction over any claim

13  that could have been brought in federal court in the first instance.  Hall v. N. Am. Van

14  Lines, Inc., 476 F.3d 683, 686-87 (9th Cir. 2007).  Under 28 U.S.C. § 1331, federal courts

15  have original jurisdiction over "all civil actions arising under the Constitution, laws, or

16  treaties of the United States."  "[T]he presence or absence of federal-question jurisdiction is

17  governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction

18  exists only when a federal question is presented on the face of the plaintiff's properly

19  pleaded complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083,

20  1091 (9th Cir. 2009) (citation and quotation marks omitted).  "[T]he plaintiff is 'master' of

21  her case, and if she can maintain her claims on both state and federal grounds, she may

22  ignore the federal question, assert only state claims, and defeat removal."  Duncan v.

23  Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

24        A narrow corollary to the well-pleaded complaint rule is the "artful pleading"

25  doctrine, which provides that a plaintiff "may not avoid federal jurisdiction by omitting

26  from the complaint allegations of federal law that are essential to the establishment of the

27  claim."  Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1041 (9th Cir. 2003)

28  (internal quotation marks omitted).  The artful pleading doctrine allows courts to "delve

1    beyond the face of the state court complaint and find federal question jurisdiction by re-

2    characterizing a plaintiff's state law claim as a federal claim." Id. (internal quotation marks

3    and alterations omitted).  The doctrine thus applies "(1) where federal law completely

4    preempts state law . . . ; (2) where the claim is necessarily federal in character . . . ; or

5    (3) where the right to relief depends on the resolution of a substantial, disputed federal

6    question[.]" ARCO Envtl. Remediation, L.L. C. v. Dept. of Health and Envtl. Quality, 213

7    F.3d 1108, 1114 (9th Cir. 2000) (citations omitted).  The Ninth Circuit has cautioned,

8    however, that courts should "invoke the doctrine only in limited circumstances as it raises

9    difficult issues of state and federal relationships and often yields unsatisfactory results."

10   Lippit, 340 F.3d at 1041 (internal quotations omitted).

11          Here, Defendants point out that under § 951 of the Dodd-Frank Act, publicly-traded

12   companies are required to permit shareholders to render a non-binding vote on executive

13   compensation at least once every three years.  See 15 U.S.C. § 78n-1.  This provision,

14   known as "Say on Pay," is "a corporate mechanism for allowing shareholders to voice their

15   opinion on executive compensation." Weinberg ex rel. BioMed Realty Trust, Inc. v. Gold,

16   838 F. Supp. 2d 355, 356 n.1 (D. Md. 2012).  According to Defendants, the requisite

17   disclosures pertaining to executive compensation are specifically controlled by the Say on

18   Pay provision, and as such, any inquiry into the adequacy of such disclosures necessarily

19   requires consideration of federal law.  The Court disagrees.

20          Under Delaware law, a director may breach his or her fiduciary duties by failing to

21   disclose "material information" in connection with a request for shareholder action.

22   Malone v. Brincat, 722 A.2d 5, 10 (Del. 1998).  "An omitted fact is material if there is a

23   substantial likelihood that a reasonable shareholder would consider it important in deciding

24   how to vote." Seinfeld v. Bartz, 322 F.3d 693, 696-97 (9th Cir. 2003) (quoting TSC Indus.,

25   Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976)); accord Arnold v. Society for Sav.

26

27

28

1   <u>Bancorp, Inc.</u>, 650 A.2d 1270, 1277 (Del. 1994).[2]  Defendants, however, make no showing

2   that a violation of the Dodd-Frank Act with respect to disclosures in a proxy statement is a

3   necessary prerequisite to finding of materiality—or a Board member's breach of fiduciary

4   duty.  To the contrary, even if the information omitted from a proxy statement is not

5   required under the Say on Pay provisions, there certainly remains the possibility that such

6   information, if disclosed, could have an impact on a shareholder's voting decision.

7            But even if Plaintiff's claim that the disclosures regarding *executive compensation*

8   were controlled *exclusively* by the Say on Pay provision, Defendants overlook that there is

9   another aspect to Plaintiff's breach of fiduciary duty claim ostensibly unaffected by the Act.

10  As noted, Plaintiff also is alleging that the Individual Defendants breached their fiduciary

11  duty with respect to the disclosures pertaining to Proposal Three, which seeks to increase in

12  the number of authorized Accuray stock shares.  <u>See</u> Compl. ¶ 25.  Defendants do not

13  argue, let alone present any authority, demonstrating that the Dodd-Frank Act or any other

14  federal law controls Plaintiff's challenge to the disclosures pertaining to Proposal Three.

15  Since Plaintiff's breach of fiduciary duty claim may therefore be resolved without

16  involving "a substantial, disputed federal question," <u>ARCO</u>, 213 F.3d at 1114, removal

17  jurisdiction is lacking, <u>see</u> <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 345-46 (9th Cir. 1996)

18  ("When a claim can be supported by alternative and independent theories—one of which is

19  a state law theory and one of which is a federal law theory—federal question jurisdiction

20  does not attach because federal law is not a necessary element of the claim.").

21

22

23            [2] In his Complaint, Plaintiff specifically identifies the "material" information that he

24  contends was omitted from the Proxy.  Compl. ¶¶ 25, 28.  For example, Plaintiff alleges,
    inter alia, that with respect to Proposal Two, the Proxy failed to disclose the details

25  underlying compensation surveys, the nature of the advice provided by counsel or the
    rationale underlying the compensation proposal.  <u>Id.</u> ¶ 25.  As to Proposal Three, Plaintiff

26  complains that the Proxy failed to disclose a fair summary of any expert's analysis, the
    dilutive impact of the additional share, or the methodology the Board applied to determine

27  the number of additional shares to be issued.  <u>Id.</u> ¶ 28.  Plaintiff does not allege that
    Defendants' purported non-disclosures are in violation of or controlled by the Dodd-Frank

28  Act.

1     **B.**    ATTORNEYS' FEES AND COSTS

2         At the conclusion of his motion to remand, Plaintiff makes a one-sentence request

3 for an award of fees and costs under 28 U.S.C. § 1447(c).  Mot. at 11.  Where a case is

4 improperly removed, the Court "may require payment of just costs and any actual expenses,

5 including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The

6 Court has "wide discretion" under § 1447(c).  Moore v. Permanente Medical Group, Inc.,

7 981 F.2d 443, 447 (9th Cir.1992).  However, "[a]bsent unusual circumstances, courts may

8 award attorney's fees under § 1447(c) only where the removing party lacked an objectively

9 reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141

10 (2005).  Here, Defendants had an objectively reasonable basis for removing the action

11 based on § 1331.  That Defendants ultimately failed to carry their burden of establishing

12 removal jurisdiction does not render the removal objectively unreasonable.   Plaintiff's

13 request for fees and costs is therefore denied.

14 **IV.**    **CONCLUSION**

15         For the reasons stated above,

16         IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand is GRANTED.

17 Plaintiff's request for an award of attorney's fees and costs is DENIED.  Pursuant to 28

18 U.S.C. § 1447(c), the instant action is REMANDED to the Superior Court of California,

19 County of Santa Clara.  In light of the Court's determination that removal jurisdiction is

20 lacking, Plaintiff's motions for a temporary restraining order and expedited discovery are

21 DENIED as moot.  The Clerk shall close the file and terminate all pending matters.

22         IT IS SO ORDERED.

23 Dated:  November 28, 2012

24 SAUNDRA BROWN ARMSTRONG
    United States District Judge

25

26

27

28